IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF OHIO

EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CASE NO. 1:05CR537 |
| | ) | |
| Plaintiff, | ) | JUDGE JOHN R. ADAMS |
| | ) | |
| v. | ) | |
| | ) | GOVERNMENT'S RESPONSE TO |
| NOLAN LOVETT, | ) | DEFENDANT'S MOTIONS FOR: |
| | ) | |
| Defendant. | ) | I. FOR WITNESS LIST |
| | ) | |
| | ) | II. TO INTERVIEW PROSPECTIVE GOVERNMENT WITNESSES |
| | ) | |
| | ) | III. FOR DISCLOSURE OF PLEA BARGAINS, IMMUNITY, AND PROMISES TO PROSPECTIVE GOVERNMENT WITNESSES |
| | ) | |
| | ) | IV. FOR THE EARLY DISCLOSURE OF JENCK'S ACT MATERIAL AND FOR THE DISCLOSURE OF EVIDENCE CONCERNING GOVERNMENT WITNESSES |
| | ) | |
| | ) | V. MOTION FOR EXCULPATORY EVIDENCE |
| | ) | |
| | ) | VI. DISCLOSURE OF CONFIDENTIAL INFORMANT(S) AND INFORMATION ON CONFIDENTIAL INFORMANT(S) |

-2-

Now comes the United States of America, by and through its counsel, Gregory A. White, United States Attorney, and Blas E. Serrano, Assistant United States Attorney, and responds in the attached Memorandum to Defendant's Motion for (Government's) (I)Witness List, (II) Motion to Interview Prospective Government Witnesses, (III) Motion of Plea Bargains, Immunity, and Promises to Prospective Government Witnesses, (IV) Motion for the Early Disclosure of Jenck's Material, (V) Motion for Exculpatory Evidence, and (VI) Motion for Disclosure of Confidential Informant(s) and Information on Confidential Informants.  These motions seek the same type of information, that is, the disclosure of the identity of government witnesses, or information which will reveal the identity of witnesses.

                              Respectfully submitted,

                              GREGORY A. WHITE
                              United States Attorney


By:  s/Blas E. Serrano
      Blas E. Serrano
      Assistant U.S. Attorney
      Reg. No. 0009879
      801 Superior Avenue, West
      Suite 400
      Cleveland, Ohio  44113
      (216) 622-3873
      blas.serrano@usdoj.gov

-3-

MEMORANDUM

Defendant Nolan Lovett, is charged in Count 1 of the indictment with conspiracy to possess with the intent to distribute cocaine and cocaine base (21 U.S.C. §846), he is also charge in additional counts with distribution of cocaine base (21 U.S.C. §841(a)(1) and (b)(1)(B), and distribution of cocaine base within 1,000 feet from school grounds (21 U.S.C. §860).  As noted above, the Government's Response to the motions noted below, will be consolidated in this response.

I.   <u>MOTION FOR WITNESS LIST</u>

II.  <u>MOTION TO INTERVIEW PROSPECTIVE GOVERNMENT WITNESSES</u>

III. <u>MOTION FOR DISCLOSURE OF PLEA BARGAINS, IMMUNITY, AND PROMISES TO PROSPECTIVE GOVERNMENT WITNESSES</u>

IV.  <u>MOTION FOR THE EARLY DISCLOSURE OF JENCKS MATERIAL AND FOR THE DISCLOSURE OF EVIDENCE CONCERNING GOVERNMENT WITNESSES</u>

V.   <u>MOTION FOR EXCULPATORY EVIDENCE</u>

Defendant Lovett has moved to compel disclosure of certain information purportedly in the government's possession before trial, purportedly based on the principles of <u>Brady v. Maryland</u>, 373 U.S. 83 (1963), and other case law, including <u>Giglio v. United States</u>, 405 U.S. 150 (1972), and <u>United States v. Agurs</u>, 427 U.S. 97 (1976), and the Jencks Act.  The information sought by the motions captioned above are intended for the same specific purposes; that is, the disclosure of the witnesses identity and other information relating to the witnesses expected to be called

-4-

at trial by the government.  For instance, an examination of Lovett's Motion for "Exculpatory Evidence," as well as the other captioned motions show that the information sought by the defendant do not constitute exculpatory evidence, but rather are attempts to obtain disclosure of information which the defendant is not entitled to receive, or not entitled to receive at this time.  Merely labeling the request as "exculpatory evidence" does not make it such.  Similarly, the defendant is not entitled to early disclosure of the information requested in his other motions.

The government need not disclose its witnesses to the defendant prior to trial, nor does Due Process require such disclosure.  Wheatherford v. Bursey, 429 U.S. 545, 97 S.Ct. 87 (1977); *Accord,* United States v. Bartle, 835 F.2d 646 (6th Cir. 1987), cert. denied, 485 U.S. 969 (1988); United States v. Perkins, 994 F.2d 1184 (6th Cir.), cert. denied, 510 U.S. 903 (1993).

In United States v. Davis, 306 F.3d 398, 420 (6th Cir. 2002), the defendant argued that the government violated his Due Process rights and engaged in misconduct by not disclosing the names of two witnesses until the middle of the trial.  The Sixth Circuit in rejecting this argument stated:

> Defendant fails to point to any authority for the proposition that the government was required pre-trial to disclose its witnesses. "Ordinarily, a defendant is not entitled to a list of the names and addresses of

-5-

the government's witnesses." United States v. Perkins, 994 F.2d 1184, 1190 (6th Cir. 1993)(citing Fed.R.Crim.P 16)).

The defendant's request for witnesses' statements is another attempt to obtain the identity of witnesses prior to trial and outside the scope of discovery, a practice not sanctioned under Rule 16. United States v. Dark, 597 F.2d 1097 (6th Cir.), cert. denied, 100 S. Ct. 267 (1979).

Rule 16(a)(2), does not authorize the discovery of statements made by Government witnesses or prospective Government witnesses, except as provided in 18 U.S.C. §3500 . . . [Section] 3500(a) provides that "statements made by such witnesses are not subject to discovery until the witness has testified on direct examination in the trial of the case." Penix, 516 F. Supp. at 258-59; see also Rule 16(a)(3). Further, in United States v. Algie, 667 F.2d 569 (6th Cir. 1982), the court held that exigencies of administration concerning the backlog of cases did not authorize the court to require prosecutors to deviate the mandates of the Jencks' Act and that the Federal Rules of Evidence did not imply an amendment of the mandatory language of the Act to require earlier disclosure.

The government asserts that it does not have any exculpatory material in its possession. The government further avers that it will disclose all exculpatory material, if any, immediately upon discovery. As noted below, the government will provide all

-6-

Jencks and impeaching material, prior to the witness testimony with sufficient time to prevent any delay in the trial proceedings.

VI.  MOTION FOR DISCLOSURE OF CONFIDENTIAL INFORMANT(S) AND INFORMATION ON CONFIDENTIAL INFORMANTS.

Lovett has requested disclosure of the identity of informants and other information relating to those individuals. It has long been established that the government may refuse to disclose the identities of its informants before trial, or at trial. McCray v. Illinois, 386 U.S. 300 (1967); Roviaro v. United States, 353 U.S. 53 (1957); United States v. Van Ordsell, 521 F.2d 1323 (2nd Cir. 1975), cert. denied, 423 U.S. 1059 (1976). The rationale underlying this privilege was expressed in Roviaro:

> The purpose of the privilege is the furtherance and protection of the public interest in effective law enforcement. The privilege recognizes the obligation of citizens to communicate their knowledge of the commission of crimes to law enforcement officials and, by preserving their anonymity, encourages them to perform that obligation.

The privilege, however, is not absolute. Where the defendant can show that disclosure is necessary to insure a "fair trial," the informant's identity must be revealed. United States v. Hanna, 341 F.2d 906, 907 (6th Cir. 1965).

In Roviaro, the court stated that where the "disclosure of an informer's identity . . . is relevant and helpful to the

-7-

defense of an accused, or is essential to a fair determination of a cause, the privilege must give way." 353 U.S. at 60-61. The court, however, recognized that there was "no fixed rule" and that disclosure of the informant's identity "must depend on the particular circumstances of each case, taking into consideration the crime charged, the possible defense, the possible significance of the informant's testimony and other relevant factors." Id. at 62. The determination on disclosure is within the discretion of the trial court. United States v. Sales, 482 F.2d 105 (2d Cir.), cert. denied, 414 U.S. 1027 (1973).

The burden of establishing the need for disclosure of the informant's identity is initially upon the person who seeks it. In Re United States, 565 F.2d 19, 23 (2d Cir. 1977), cert. denied, 436 U.S. 962 (1978); United States v. Pruett, 540 F.2d 1004 (9th Cir. 1976), cert. denied, 429 U.S. 1063 (1977).

A mere request for disclosure of the informant's identity is generally held to be insufficient. United States v. Mainello, 345 F. Supp. 863, 881-82 (E.D.N.Y. 1972). Speculation of helpfulness will not compel disclosure, United States v. Trejo-Zanbrano, 582 F.2d 460 (9th Cir.), cert. denied, 441 U.S. 936 (1979).

Courts have consistently held that where a defendant cannot show with "reasonable probability" that the informant was an active participant in the criminal matter under review, but only

-8-

a "mere tipster," the government is not required to disclose the identity of the informant.  United States v. Lewis, 671 F.2d 1025, 1027 (7th Cir. 1982); United States v. Suarez, 582 F.2d 1007, 1011 (5th Cir. 1978); United States v. Sherman, 576 F.2d 292 (10th Cir.), cert. denied, 439 U.S. 913 (1978); United States v. Alonzo, 571 F.2d 1384 (5th Cir.), cert. denied, 439 U.S. 847 (1978).  Similarly, disclosure is not required where the informant played only a small or passive role in the offense charged, had no first-hand information, or where his potential disclosures are already known to the defendant.  United States v. Moreno, 588 F.2d 490 (5th Cir. 1978), cert. denied, 441 U.S. 936 (1979); United States v. Suarez, supra; United States v. Weir, 575 F.2d 668 (8th Cir. 1978); United States v. Robinson, 530 F.2d 1076 (D.C. Cir. 1976).  Rather, disclosure is only required upon the trial court's determination that the need for the information by the person seeking disclosure outweighs the government's claim

-9-

of privilege.  In Re United States, 565 F.2d (2d Cir. 1977), cert. denied, 436 U.S. 962 (1978).

Respectfully submitted,

GREGORY A. WHITE
United States Attorney


By: s/Blas E. Serrano
    Blas E. Serrano
    Assistant U.S. Attorney
    Reg. No. 0009879
    801 Superior Avenue, West
    Suite 400
    Cleveland, Ohio  44113
    (216) 622-3873
    blas.serrano@usdoj.gov

-10-

CERTIFICATE OF SERVICE

I hereby certify that on the 13th day of March, 2006, a copy of the foregoing Government's Response to Defendant's Motion for (Government's) Witness List, Motion for Interview of Potential Government Witnesses, Motion for Disclosure or Plea Bargains, Immunity, and Promises to Prospective Government Witnesses, Motion for the Early Disclosure of Jenck's Act Material and for the Disclosure of Evidence Concerning Government Witnesses, Motion for Exculpatory Evidence, and Motion for Disclosure of Information on Confidential Informants was filed electronically. Notice of this filing will be sent by operation of the Court's electronic filing system to all parties indicated on the electronic filing receipt.  All other parties will be served by regular U.S. mail.  Parties may access this filing through the Court's system.

S/Blas E. Serrano
Blas E. Serrano
Assistant U.S. Attorney